IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

       Plaintiff,

v.                          Crim. Action No. 1:21-CR-30
                                    (Kleeh)

AUSTIN LODGE,

       Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

Pending before the Court is Defendant Austin Lodge's *Motion to Suppress Physical Evidence* [ECF No. 28]. Upon referral [ECF No. 29], the Magistrate Judge conducted a hearing on Defendant's Motion on July 13, 2022, at which time the Court heard witness testimony, accepted exhibits into evidence, and heard arguments of counsel for both Defendant and the Government. On July 29, 2022, the Magistrate Judge issued a thorough Report and Recommendation ("R&R") [ECF No. 47], recommending that Defendant's Motion [ECF No. 28], be denied. Defendant filed one objection to the R&R. [ECF No. 50].

For the reasons discussed herein, the Court **ADOPTS** the R&R [ECF No. 47], **DENIES** the Motion to Suppress [ECF No. 28], and **OVERRULES** Defendant's objection [ECF No. 50].

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

## I.   **Facts**

Defendant Austin Lodge ("Lodge" or "Defendant") objects to one recommendation of the R&R: that the warrantless search of Lodge's backpack was permissible "to the extent which the backpack simply may be considered to be part of his person and that Mr. Lodge abandoned the backpack, such that he had no reasonable expectation of privacy in it." ECF No. 50 at 3. Because this finding and recommendation is reviewed de novo, 28 U.S.C. § 636(b)(1), the Court focuses its findings of fact on the warrantless search of the backpack.

On December 13, 2018, at approximately 3:00 a.m., Jon Flanagan, road patrolman and K9 handler for the Harrison County Sheriff's Office, was patrolling the East View, Clarksburg, West Virginia, area due to frequent complaints of drug activity and presence of suspicious persons. ECF No. 59, Suppress Hr'g Tr., 5:21-6:7. During patrol, Officer Flanagan viewed a silver Nissan sedan with Pennsylvania tags parked at a trailer in the East View area. Id. 6:20-7:5. At some point thereafter, the driver of the vehicle drove away from the trailer, and Officer Flanagan followed. Id. 7:5-11:12.

After witnessing the driver violate speed limitation laws, Officer Flanagan observed the driver, a white male, park and exit

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

the vehicle and run to the nearest trailer and attempt to enter. Id. 11:1-12:4. Officer Flanagan later learns the driver is the defendant. Id. 18:14-23. Officer Flanagan identifies that he is the police and directed the defendant to stop. Id. 11:21-22. While on the front porch of the trailer, a resident cracks open the front door and shuts it quickly. Id. 12:10-16. During that interaction on the front porch, Defendant attempted to place a camouflage backpack inside the trailer but failed. Id. Defendant looks back at Officer Flanagan and runs toward the back of the house near a shed, with the backpack in hand. Id. 12:17-13:11. As Officer Flanagan follows the defendant, he flashes his flashlight and continues to direct Defendant to stop. Id. 13:3-19. When Officer Flanagan caught up to Defendant, Defendant did not have the backpack. Id.

Officer Flanagan's backup, Sergeant Dean, arrived. Id. 14:12-25. After multiple commands for the defendant to stop, both officers chased the defendant and handcuffed him. Id. 14:12-17:5. Throughout the police chase on foot, the officers observed Defendant reaching for his waist band and feared he was reaching for a firearm or other weapon. See Ex. 3; ECF No. 59, Suppress Hr'g Tr. Video surveillance depicts the officers asking Defendant who lives in the trailer and what is in the camouflage bag,

AUSTIN LODGE                                                        1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

notifying him that they were going to locate the bag. Ex. 3, 4:40-5:10. Defendant responded that his daughters lived there and that "nothing bad" is the backpack. Id.

Officer Flanagan searched the area around the trailer for the camouflage backpack and found it "abandoned behind the . . . shed." Id. 20:6-11. Lodge was no where near the backpack when Officer Flanagan located it next to the shed. Id. 55:19-25. In the area around the shed, there were various pieces of equipment and outdoor items present on the ground, including a ladder, bench, two white bags, and something with a wheel attached. Id. 52:17-54:2. The officers began unloading the backpack and found "a large amount of crystal meth, . . . some marijuana, [and] suboxone strips." Id. 21:5-9. Officer Flanagan believes plastic bags and digital scales were also present. Id. When the officers located the backpack, it was abandoned next to the shed, near the trailer, on top of grass and rusty metal. Id. 54:1-55:11. The officers had no search warrant for the bag nor did they have consent from the defendant to search it. Id. 55:12-24.

## II.  Legal Standard and Applicable Law

Pursuant to 28 U.S.C. 636(b)(1)(B), a magistrate judge may be designated by a district court to consider motions to suppress evidence and statements as unconstitutionally obtained. After the

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

magistrate judge has considered such motion, he must submit "'proposed findings of fact and recommendations for the disposition.'" Camry v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Parties are entitled to file written objections to the findings and recommendations of the magistrate judge, and if a party chooses to object within the allotted 14-day period, the district court shall make a de novo review of the findings and recommendations objected to. Id. and 28 U.S.C. 636(b)(1)(C). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(C). Defendant filed one objection to the magistrate judge's R&R concerning the motion to suppress. ECF No. 50. Lodge argues that the magistrate judge erroneously concluded that the warrantless search of the backpack was lawful. ECF No. 50. All findings challenged by this objection will be reviewed de novo. 28 U.S.C. § 636(b)(1).

The magistrate judge noted the well-stablished principle that the Fourth Amendment provides "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. Under the exclusionary rule, a court should exclude evidence obtained by law enforcement's unlawful arrest or search. See Mapp v. Ohio, 367 U.S. 643 (1961). The Supreme Court

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

of the United States has further held that warrantless seizures are "per se unreasonable under the Fourth Amendment, subject to only a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).

One delineated exception is the abandonment exception. A person who abandons property does not enjoy Fourth Amendment protection over that property. United States v. Small, 944 F.3d 490, 502 (4th Cir. 2019) (internal citation omitted); see also United States v. Stevenson, 396 F.2d 538 (4th Cir. 2005) (finding that a defendant had no privacy interest in abandoned property). "The law is well established that a person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir. 1995). To determine whether property has been abandoned, Courts ask "whether the complaining party retains a reasonable expectation of privacy in the articles alleged to be abandoned." Small, 944 F.3d at 502 (internal quotations omitted). "To determine whether the defendant maintains a reasonable expectation of privacy in an item, the court performs 'an objective analysis' which considers the defendant's actions and intentions." Id. (quoting United States v. Davis, 657 F. Supp. 630, 647-48 (D.

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

Md. 2009)). The Court should consider "only objective information available to officers at the time they performed the warrantless search" to determine whether a defendant abandoned property. Id. "Intent [to abandon] may be inferred from words spoken, acts done, and other objective facts." Davis, 657 F. Supp. at 648. "The government bears the burden of proving the admissibility of evidence obtained pursuant to a warrantless search by a preponderance of the evidence." Small, 944 F.3d at 502 (internal citations omitted).

The appellant in United States v. Small contended that his cell phone was not abandoned, contrary to the district court's finding. 944 F.3d at 502. Small fled from officers in a vehicle and tossed away personal items as he traveled. Id. at 503. Small then exited his vehicle, abandoning it and its contents, and fled on foot. Id. Among the items thrown during his flight was a cell phone, "only fifty yards from the shirt and hat" which were also discarded along the way. Id. "The phone was found in a grassy area, not on a sidewalk or 'a place where [someone] normally might be.'" Id. (internal citation omitted). "[U]sing only objective information available to officers at the time they performed the warrantless search," the Small Court held "there clearly was" a

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

voluntary intention to abandon the cell phone, and the warrantless
search of the cell phone was lawful. Id. at 502-03.

## III. **Analysis**

Lodge objects to the magistrate judge's finding that the warrantless search of the backpack was lawful because the backpack was abandoned. ECF No. 50. Lodge contends that the search of the backpack was a violation of the Fourth Amendment, and all evidence flowing from that warrantless search must be suppressed at trial. Lodge spends the entirety of the objection arguing against the doctrine of abandonment, and does not analyze the Magistrate Judge's finding that the backpack was considered to be part of Defendant's person "only because his bag was not on his person when it was searched . . . ." ECF No. 50 at 3. In its response to the motion to suppress, the Government argued that the backpack was abandoned pursuant to United States v. Small, 944 F.3d 490 (4th Cir. 2019). ECF No. 38. The Government did not respond to Lodge's objection.

The Court finds, after reviewing the testimony and exhibits, the Government proved its burden, by a preponderance of the evidence, that the backpack was abandoned; therefore, the officers' warrantless search of the backpack was lawful and the evidence retrieved therefrom is admissible at trial. Small, 944

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

F.3d at 502. Here, Officer Flanagan and Sgt. Dean used the objective information available to them in determining the camouflage backpack had been abandoned. First, after fleeing from Officer Flanagan in his vehicle, Lodge exited his vehicle and fled on foot, with the backpack in hand. ECF No. 59, Suppress Hr'g Tr., 11:1-12:4. After failing to shove the backpack inside the trailer, Lodge takes off again on foot with the backpack, and runs to the back of the trailer. Id. 12:17-13:11. The next time Officer Flanagan sees the defendant during the foot chase, the backpack is not on the defendant's person. Id. 13:3-19. After Lodge was handcuffed and questioned about the backpack, he responded that "nothing bad" was inside of it. Ex. 3, 4:40-5:10. Next, the officers located the backpack next to the shed, near the trailer, and on top of grass and rusty metal. ECF No. 59, Suppress Hr'g Tr., 54:1-55:11.

Lodge's actions and intentions lead the Court to believe he voluntarily abandoned the backpack. Small, 944 F.3d at 502. Lodge's first attempt at stashing the backpack inside the trailer, and ultimately failing to deposit it and making the decision to flee on foot instead, is meaningful to the Court. The next time the officers see Lodge, he is without the backpack, having abandoned it outside, in the cold December weather, next to the shed. Between

9

AUSTIN LODGE                                                    1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

Lodge's brief time on the front porch to his flight behind the trailer, he made a calculated decision to abandon the backpack and continue to run from Officer Flanagan. Indeed, "the only reasonable conclusion [the Court] can draw is that Defendant abandoned the backpack rather than be caught with it." ECF No. 47 at 25.

The location of the abandoned backpack is also telling here: the Court certainly considers this location – a grassy area with rusty metal – a place where someone would not normally be in the early morning hours during the month of December. Small, 944 F.3d at 503. The evidence showed that neither Lodge nor any other person was near the backpack when the officers located it by the shed. The backpack was found among various equipment and other outdoor items, none of which appeared to be Lodge's personal items, other than the backpack itself. Lodge voluntarily abandoned the backpack and lost any reasonable expectation of privacy over it. United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir. 1995).

Therefore, the Court **UPHOLDS** the magistrate judge's finding and recommendation that Lodge abandoned the backpack. Therefore, the warrantless search was reasonable. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety [ECF No. 47] and **DENIES** Defendant's Motion to Suppress [ECF No. 28]. The Court **OVERRULES** Defendant's Objection [ECF No. 50].

AUSTIN LODGE                                                          1:21cr30

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF NO. 47], DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE [ECF NO. 28], AND
OVERRULING DEFENDANT'S OBJECTION [ECF NO. 50]**

IV.   Conclusion

For the reasons stated herein, the Court:

- **ADOPTS** the magistrate judge's Report and Recommendation in its entirety [ECF No. 47];

- **DENIES** Defendant's Motion to Suppress Evidence [ECF No. 28]; and

- **OVERRULES** Defendant's Objection [ECF No. 50] to the Report and Recommendation.

   It is so **ORDERED.**

   The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and all appropriate agencies.

   **DATED:** November 10, 2022


*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA